# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MCR ACQUISITION COMPANY, LLC,
a Texas limited liability company,

    Plaintiff,

v.

Case No. 1:22-cv-744

TODD LOPEZ, as personal representative
for the ESTATE OF OSWALDO
SANTILLANES ESTRADA, and
THE ESTATE OF OSWALDO
SANTILLANES ESTRADA,

    Defendants.

## COMPLAINT

Plaintiff MCR Acquisition Company, LLC ("MCR"), through its counsel, Atkinson, Baker & Rodriguez, P.C. (Justin D. Rodriguez and Owen E. Barcala), for its Complaint alleges as follows:

## PARTIES

1. Plaintiff MCR is a Texas limited liability company. Upon information and belief, the members of MCR are citizens and residents of Maryland, Florida, Pennsylvania, or Colorado. No member of MCR is a citizen or resident of New Mexico.

2. Upon information and belief, Defendant Todd Lopez ("Lopez") and the Estate of Oswaldo Santillanes Estrada (the "Estate") are both citizens of New Mexico. During his life, decedent Oswaldo Santillanes Estrada ("Estrada") resided in Hobbs, New Mexico and maintained a New Mexico driver's license. Lopez resides in Santa Fe, New Mexico and has been or soon will be appointed as the personal representative for the Estate by the First Judicial District Court of

Santa Fe County, Case No. D-101-CV-2022-01863. As the legal representative of the Estate, Lopez is deemed to be a citizen only of the same state as the decedent. *See* 28 U.S.C. § 1332(c)(2).

## JURISDICTION

3. The matters alleged herein arise out of tortious acts, negligence, omissions, and violations of law committed by Estrada in Eddy County, New Mexico. The Court has jurisdiction over the parties and the subject matter. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

4. There is complete diversity of citizenship between Plaintiff MCR, a citizen of the States of Maryland, Florida, Pennsylvania, and Colorado, and Defendant Lopez/Estate, who are both citizens of the State of New Mexico.

5. This lawsuit arises out of and relates to a motor vehicle accident which occurred on September 27, 2022 in Eddy County, New Mexico. Accordingly, pursuant to Fed. R. Civ. P. 13(a), any pleading filed in response to this Complaint must state as a counterclaim any claim that Defendants may have against Plaintiff arising out of the transaction or occurrence that is the subject of this lawsuit.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because all or a substantial part of the events giving rise to the claims in this case occurred in Eddy County, New Mexico.

## ALLEGATIONS

7. On the morning of September 27, 2022, Estrada was driving a 2015 Chevrolet 2500HD truck West on Greene Street in Eddy County, New Mexico in or near Carlsbad, New

Mexico. At all relevant times, Estrada was the driver and operator of the truck. Greene Street has two lanes traveling West and two lanes traveling East. The lanes traveling in different directions are separated by a physical divider.

8. Upon information and belief, at all relevant times, Estrada was driving a vehicle owned by non-party G&A Fabrication, a Texas company, and was acting in the course and scope of his employment with G&A Fabrication.

9. As Estrada was driving, a 2019 Tadano all-terrain crane owned by MCR had recently exited a yard located at or near 3200 E. Greene Street, Carlsbad, New Mexico 88220 and entered Greene Street. At the time of the occurrence, the driver of the crane maintained a Texas driver's license and was employed by MCR and was acting in the course and scope of his employment at all relevant times.

10. The driver used all reasonable caution and ordinary care in driving the crane and exiting the yard, including checking to see if vehicles were approaching. The driver of the crane confirmed that no vehicles were visible approaching in his lane of travel before beginning to exit the yard. The crane and its driver were complying with all state and federal laws and regulations.

11. The crane was plainly visible to Estrada and all other drivers on the road. There were no obstructions or other conditions that would have prevented Estrada or any other drivers from seeing the crane traveling in the right lane of Greene Street. *See* Figure 1.



*Figure 1: The MCR Tadano crane.*

12. Even though the crane was plainly visible, Estrada, traveling at a high and excessive rate of speed, collided with the rear of the crane in the right lane of Greene Street, causing substantial damage to both vehicles. Upon information and belief, Estrada did not take any action to reduce his rate of speed before the rear-end impact with the crane and no tire marks or signs of braking were visible in the location of the crash.

13. Upon information and believe, Estrada was impaired, distracted, or otherwise unable to see and appreciate the conditions on the road, including the presence of the large and obvious crane in the right lane of Greene Street.

14. After the collision, the driver of the crane safely came to a stop and pulled to the side of the road and exited the crane to inspect the damage. The collision caused substantial damage to the rear of the crane. Estrada's vehicle was totaled. Upon information and belief, Estrada died instantly upon impact.

15. Officers from the Carlsbad Police Department responded to the scene of the collision to investigate. The investigating officer found and determined that driver inattention by Estrada was a contributing factor to the rear-end crash. The investigating officer found no driver

error on the part of the crane driver and found that he had not consumed alcohol and had no apparent defects in his condition.

16.     At all relevant times, Estrada had a duty to exercise ordinary care to prevent an accident, including at all times to keep a proper lookout and to maintain proper control of his vehicle so as to avoid placing himself or others in danger and to prevent a wreck. Estrada's duty to keep a proper lookout required more of him at the time of the occurrence than merely looking. Estrada was required to actually see what was in plain sight, including the plainly visible, large crane on the roadway, or what was obviously apparent to one under like similar circumstances.

17.     Given the size, color, marking and lights on the crane, at all relevant times, the crane was in plain sight and readily apparent to all motorists under the circumstances, including to Estrada.

18.     As the direct, proximate and reasonably foreseeable result of Estrada's acts and omissions pleaded herein, MCR has been and will be damaged in an amount greater than $75,000.00, including without limitation for property damage and loss to the crane, loss of value of the crane, diminution of value of the crane, delay damages, damages due to the crane and crew being out-of-service and remaining out of service, including as of the date of the filing of this Complaint, loss of use, damages for inspecting and recertifying the crane after repairs are completed, economic loss, lost profits from operation of the crane and other damages arising out of or related to the collision.

19.     The current insured value of the crane prior to the collision exceeds $1,000,000.00. The estimated repair costs and damages related to repairs and replacements presently exceeds $135,000.00. Prior to the accident, the crane had a daily billable rate with labor of $3,808.00 per an eight-hour day. The crane has been out of service since the collision on September 27, 2022,

remains out of service, and will remain out of service due to the collision until it is fully repaired, inspected, and re-certified. Damages will continue to accrue throughout this period and will continue until such time that the crane is placed back into service.

## FIRST CAUSE OF ACTION
### (Negligence)

20. Plaintiff incorporates by reference all of the allegations contained in this Complaint as if fully set forth herein.

21. Estrada and his Estate were negligent in causing the September 27, 2022 wreck. He breached duties owed to MCR and proximately damaged MCR.

22. Defendants' conduct and actions and omissions directly, proximately, and reasonably foreseeably caused the injuries and damages to MCR alleged herein in an amount exceeding $75,000.00.

23. The negligent and tortious acts and omissions of Estrada are attributable to the Estate.

## SECOND CAUSE OF ACTION
### (Negligence *Per Se*)

24. Plaintiff incorporates by reference all of the allegations contained in this Complaint as if fully set forth herein.

25. Section 66-7-301 of New Mexico statutes mandates that driving speed shall be controlled by the driver to avoid colliding with a person, vehicle, or other conveyance on or entering a highway.

26. Section 66-8-113 of New Mexico statutes prohibits the operation of a motor vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others

and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.

27. Section 66-8-114 of New Mexico statutes prohibits the operation of a motor vehicle in a careless, inattentive, or imprudent manner without regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances.

28. Section 66-7-318 of New Mexico statutes prohibits a motor vehicle following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

29. The foregoing statutes, among others, prescribe certain actions or define standards of conduct, either explicitly or implicitly.

30. Defendants Estrada and the Estate violated each of the foregoing statutes at the time of the collision by failing to control his vehicle to avoid colliding with another vehicle, operating his vehicle carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, and operating his vehicle in a careless, inattentive, or imprudent manner without regard for the traffic, conditions, and attendant circumstances.

31. MCR and its crane driver are in the class of persons sought to be protected by each of the foregoing statutes.

32. The harms and injuries to MCR are generally to be of the type the Legislature through the statute sought to prevent.

33. Defendants' conduct and actions and omissions were negligent *per se*.

34. Defendants' conduct and actions and omissions directly, proximately, and reasonably foreseeably caused the injuries and damages alleged herein in an amount exceeding $75,000.

35. Defendants' conduct and actions and omissions were reckless, willful, and wanton.

36. Estrada's negligent and tortious actions and omissions are attributable to the Estate.

WHEREFORE, MCR prays that the Court grant it relief as follows:

A. That the Court enter its Judgment in favor of MCR and against the Defendants in an amount in excess of $75,000.00 and as prayed for herein, including for all available damages under New Mexico Uniform Jury Instructions, UJI 13-1812, UJI 13-1813, UJI 13-1814, UJI 13-1815, UJI 13-1816, UJI 13-1817, UJI 13-1818.

B. For an award of damages, as pleaded herein and as more fully determined at trial.

C. For an award of attorneys' fees and costs and for such other relief as the Court may deem proper.

## JURY DEMAND

MCR hereby demands a jury on all claims so triable and states that it has separately filed and demanded a trial by jury.

Respectfully submitted,

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Justin D. Rodriguez*
Justin D. Rodriguez
Owen E. Barcala
201 Third Street NW, Suite 1850
Albuquerque, NM 87102
Telephone: (505) 764-8111
Facsimile: (505) 764-8374
jrodriguez@abrfirm.com
obarcala@abrfirm.com

*Attorneys for Plaintiff MCR Acquisition Company, LLC*