**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MCR ACQUISITION COMPANY, LLC

Plaintiff,

vs. Case No. 2:22-cv-00744-GBW-GJF

TODD LOPEZ as Personal Representative
for the ESTATE OF OSWALDO
SANTILLANES ESTRADA, and
THE ESTATE OF OSWALDO
SANTILLANES ESTRADA

Defendants.

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S PROPERTY DAMAGE FEDERAL COMPLAINT

COME NOW, Defendants Todd Lopez as Personal Representative of the Wrongful Death Estate of Oswaldo Santillanes Estrada by and through his attorneys of record Glasheen Valles & Inderman, LLP (Jon Clark) and Resnick & Louis, P.C. (Justin Goodman) and hereby move this Court pursuant to Rules 12(b)(1), 12(b)(6), and 19(b) of the Federal Rules of Civil Procedure, respectfully to dismiss Plaintiff's Property Damage Federal Complaint for lack of subject matter jurisdiction, for failure to state a claim, and because joinder of required persons is not feasible.

## BACKROUND

This case arises from a crash in Eddy County, New Mexico, in which the Plaintiff's employee failed the yield the right of way when he turned Plaintiff's 2019 Todano mobile crane out onto the highway in front of Oswaldo Santillanes Estrada's vehicle, causing it to crash into the rear of the crane, resulting in the death of Oswaldo Santillanes Estrada. The crane, and oversized commercial vehicle had just left Marks Crane and Rigging located at 3208 E. Greene Street

Carlsbad, NM and had entered the State highway 62/180 moving at a near stop when its driver got stuck in second gear. Based on information and belief, the Carlsbad location is under the management of Kurt Ballantine and he established a procedure and policy for cranes to enter the highway outside its Carlsbad yard at an additional entry point or points further west than the location where this crane entered the highway causing the crash. Based on information and belief these procedures and policies were put in place because of an elevation at or near the exit where this crash occurred on the highway which causes or contributes to the crane being unable to accelerate at normal and reasonable rates.

When the operator of Plaintiff's crane turned out, he reportedly became "stuck" in second gear and may have been planning to pull onto the shoulder of the highway as a result of his lack of ability to accelerate, which posed as unreasonable hazard to other traffic on the highway.

Todd Lopez's Petition for Appointment as Personal Representative of the Estate of Oswaldo Santillanes Estrada was filed in the First Judicial District Court in Santa Fe County, Santa Fe, New Mexico on October 4, 2022. Counsel for the Estate of Oswaldo Santillanes Estrada began notifying all possible parties, including Marks Crane, of their representation, preservation of evidence, and request for inspection of the crane on October 5, 2022 via emails, faxes, and phone calls. The Order appointing Todd Lopez as Personal Representative of the Estate of Oswaldo Santillanes Estrada was signed by Judge Matthew J. Wilson on October 7, 2022. Counsel for the Estate of Oswaldo Santillanes Estrada sent a Tort Claims Notice to the State of New Mexico Department of Transportation on October 7, 2022. Plaintiff MCR Acquisition Company, LLC ("MCR") filed a federal complaint for property damage in the United States District Court on October 7, 2022. On October 20, 2022, Todd Lopez filed his Wrongful Death complaint in the First Judicial District Court in Santa Fe, New Mexico, listing, amongst others, MCR, multiple New

Mexico residents, and The New Mexico Department of Transportation as defendants.[1] Plaintiff MCR was aware of the wrongful death of Oswaldo Santillanes Estrada and the impending wrongful death lawsuit when it filed its property damage complaint in federal court. Additionally, pursuant to NMSA 1978, Section 41-4-18, exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico. Further, pursuant to NMSA 1978, Section 41-4-18, venue for any claim against the state or its public employees shall be . . . in the county in which a plaintiff resides… or in Santa Fe county. Additionally, Defendant's claims against Defendants residing in New Mexico, if forced to join this suit, as would be required under Rule 19, would destroy diversity, and thereby jurisdiction of this honorable Court over the case, and require dismissal.

## AUTHORITY

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Diversity Jurisdiction exists when all Plaintiffs are of different citizenship than all Defendants. 28 U.S.C. § 1332. Under the Federal Rules Civil Procedure, [e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. Under a Rule 19 analysis, [a]n indispensable party is one whose interests will necessarily be affected by the judgment so that complete and final justice

[1] To the extent not pleaded herein, Defendant incorporates the facts and allegations stated in his state court complaint as if fully set forth herein.

cannot be done between the parties without affecting those rights. *Jemko, Inc. v. Liaghat, 1987-NMCA-069, 106 N.M. 50, 738 P.2d 922.*

The *Colorado River* abstention doctrine permits a court to stay or dismiss proceedings in "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976). The court should make such a decision based on the principals of "wise judicial administration," "conservation of judicial resources, and comprehensive disposition of litigation." *Id*. The supreme court articulated six factors for a court to consider in applying the doctrine. : (1) "whether the questions before the court present difficult questions of state law, are governed by state as opposed to federal law, or bear on policy problems of substantial import to the state;" (2) "whether principles of wise judicial administration and economy suggest deferring to the state courts;" (3) "which court first assumed jurisdiction over any property at issue;" (4) "whether the federal forum is less convenient;" (5) "whether allowing the matter to go forward in state court would avoid piecemeal litigation;" and (6) "in which order jurisdiction was obtained by the concurrent forums." *Nationwide Mut. Ins. Co. v. GR Gurule, Inc.*, 148 F. Supp. 3d 1206, 1218 (D.N.M. 2015). None of these factors are necessarily determinative.

Under the Younger Abstention Doctrine, a Federal Court must abstain from exercising jurisdiction where three conditions have been met. "First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). "Younger abstention is non-discretionary; it must be invoked once the three conditions are

met, absent extraordinary circumstances." *Amanatullah v. Colorado Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999).

"Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico." NMSA 1978, § 41-4-18. This statement, from the New Mexico Tort Claims Act (NMTCA) expressly states that New Mexico does not consent to federal jurisdiction. *Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285 (D.N.M. 1999) ("As indicated by this, 41-4-2 NMSA 1978 and 41-4-4 NMSA 1978, New Mexico has not consented to be sued in federal court for violations of EMTALA, nor for any other tort.").

Rule 19(b) of the Federal Rules of Civil Procedure allows the court to dismiss an action when necessary parties cannot be joined or to allow it to proceed among the existing parties. FED. R. CIV. P. 19(b). The Court determination is to be guided by the principles of "equity and good conscience," evaluated through the four factors set forth in the rule. *Id*.

Generally, when matters outside the pleadings are presented in a motion to dismiss, the court must convert the motion to a motion for summary judgment, and provide the parties notice of its intent to do so, or exclude the materials outside the pleadings. See *Mata v. Anderson*, 760 F.Supp. 2d 1068, 1084 (D.N.M. 2009). However, there are some exceptions exist to this general rule. The court may consider fact subject to judicial notice, including its own files and records, as well as facts that are public record. *Id.* at 1084-85. The court may also consider documents referred to in or attached to the Complaint. *Id*. at 1085. According to Federal Rule of Evidence 201 a court may take judicial notice of a fact that is not subject to reasonable dispute, because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b). Each exhibit to this motion is proper for judicial notice—as they each are a part of a public record

(secretary of state or federal filings or court filings) or can be readily determined from the internet and public statements. *See id.*; *see also Mata v. Anderson*, 760 F.Supp. 2d at 1096 (taking judicial notice of the underlying criminal case record). Further, evidence outside the complaint may be considered in relation to the abstention issues because a motion to dismiss on these grounds is decided under Rule 12(b)(1). *See Sierra Club v. Chesapeake Operating, LLC*, 248 F. Supp. 3d 1194, 1199 (W.D. Okla. 2017); *see also World Fuel Services, Inc. v. Nambe Pueblo Dev. Corp., 362 F. Supp. 3d 1021, 1055 (D.N.M. 2019); see e.g., Stein v. Legal Advertising Committee of Disciplinary Bd.*, 272 F.Supp. 2d 1260, 1263n.3 (D.N.M 2003

## **ARGUMENT**

A. *Plaintiff's Complaint Fails for Lack of Diversity.*

Plaintiff MCR holds itself out and is a New Mexico limited liability company through its registration with the United States Department of Transportation ("USDOT"). Plaintiff MCR filed a Form MCS-150 with USDOT listing their principal place of business as 3208 East Greene St., Carlsbad, New Mexico and it filed two assumed name filings in Texas, one in 2021 and another in 2022, listing its principal place of business as 505 Murry Rd. SE, Albuquerque, New Mexico 87105. *See Exhibit 1a-Motor Carrier Details; Exhibit 1b – MCR Assumed Name Filing 2022; Exhibit 1c – MCR Assumed Name Filing 2021*. Plaintiff MCR also listed their motor carrier mailing address for all USDOT correspondence as 505 Murry Rd. SE, Albuquerque, New Mexico 87105. *Id.* Defendant Todd Lopez and the Estate of Oswaldo Santillanes Estrada are citizens of New Mexico, as Plaintiff has pled. Pursuant to 28 U.S.C. § 1332, diversity only exists if all Plaintiffs are of different citizenship than all Defendants. As such, Plaintiff's complaint fails for lack of diversity.

Moreover, even if MCR is a citizen of the State of Texas, as it claims, Defendants ML Holding Company Crane Group, LLC, ("ML") and Kurt Ballantine are both citizens of the State of New Mexico. Defendant ML has its headquarters in Albuquerque, New Mexico. *See Exhibit 2a – 2022 Colorado Secretary of State Filing; Exhibit 2b – ML website excerpt; Exhibit 2c – Article regarding acquisition*. Defendant Ballantine is a citizen and permanent resident of Eddy County, New Mexico, who residential address is: 1907 San Jose Blvd, Apt. 312, Carlsbad, NM 88220. Under Federal Rule of Civil Procedure 19, joinder of these parties in this action is required if this action proceeds in this Court.

B. *Plaintiff's Complaint should be dismissed under Rule 12(b) for lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and failure to join a party.*

Plaintiff's property damage complaint arose from the wrongful death of Oswaldo Santillanes Estrada who was traveling on a highway under the New Mexico Department of Transportation ("NMDOT"). The fatal crash on US 62/Highway 180 is under the purview of NMDOT, who is responsible for the maintenance and inspection of said highway. NMDOT is a named defendant in Todd Lopez' Wrongful Death Complaint filed in the First Judicial District Court. Pursuant to NMSA 1978, § 41-4-18, "Exclusive original jurisdiction for any claim under the Tort Claims act shall be in the district courts of New Mexico." Additionally, NMDOT, ML Holding Company Crane Group, LLC, and Kurt Ballantine are indispensable parties to the property damage federal complaint and proper parties in the Wrongful Death suit. Under 12(b)(7) and 19(a)(1) of the Rules of Federal Civil Procedure, failure to join a required party are grounds for dismissal. In fact, Plaintiff MCR is also a named defendant in the Wrongful Death suit, as are Kurt Ballentine and ML Holdings Company Crane Group, LLC. *See Exhibit 6 - State Court Wrongful Death Complaint*. Both Kurt Ballentine and ML Holdings Company Crane Group, LLC

are New Mexico residents; therefore, their inclusion in this federal case for property damages would destroy diversity and, as a result, subject-matter jurisdiction. Further, because ML Holding Company Crane Group, LLC is a member of Plaintiff MCR Acquisition Company, LLC, and ML Holding Company Crane Group, LLC is an Albuquerque-based company, MCR Acquisition Company, LLC is a resident of New Mexico for diversity purposes which also defeats diversity and, as a result, subject-matter jurisdiction. *See Exhibit 3 - MCR Acquisition Company, LLC's Texas LLC registration listing ML as a member*. *See also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *York Investments, LLC v. Border Parts Group, Inc.*, 2022 WL 4365859, at *1 (D.N.M. Sept. 21, 2022).

Further, because one of Plaintiff MCR Acquisition Company, LLC's members is an LLC formed in Colorado, specifically ML Holding Company Crane Group, LLC (a/k/ M-L Holding Company Crane Group, LLC), Plaintiff failed to adequately plead diversity in its complaint because it did not address the citizenship of the members of ML Holding Company Crane Group, LLC—the citizenship of each will be considered the citizenship of the LLC.[2] *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). Further, according to its filing with the Texas Secretary of State, one of the members of Plaintiff MCR Acquisition Company, LLC, is MLHC of Texas, LLC, which though a Texas LLC, is registered to do business with the state of New Mexico. *See Exhibit 4 – MCR Corrected Texas Certificate of Formation*. According to MLHC of Texas, LLC's registration in New Mexico, one of its managing members is ML Holdings Co., which identifies itself as a citizen of New Mexico in the filing. *See Exhibit 5 – MLHC of Texas, LLC's New Mexico registration*. In circumstances, such as here, where a member of an LLC is itself an LLC, the citizenship of the member LLC (determined by the

[2] Colorado does not require members of its LLCs to be identified publicly.

citizenship of all its members) is also the citizenship of the LLC in question. The same is true of each successive LLC that is a member.

To further illustrate this, the following graphic gives an example of a Defendant LLC, who has two successive LLCs from whom the citizenship of its members must be considered. In the example illustrated in the graphic, LLC #2 is a member of the Defendant LLC #1 and LLC #3 is a member of LLC #2. As a result, Defendant LLC #1 obtains the citizenship of the members of all three LLCs. In the example below, for purposes of diversity, Defendant LLC #1 is a citizen of Texas, California, Florida, Oklahoma, Arizona, New Mexico, and Colorado.



For this and the foregoing reasons, Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and failure to join a party.

C. *These exceptional circumstances warrant the Court abstaining from exercising jurisdiction under the Colorado River Abstention Doctrine ("Colorado River").*

A district court may stay its proceedings in "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976). The analysis of such an abstention focuses on the principals of "wise judicial administration," "conservation of judicial resources and comprehensive disposition of litigation." *Id*. First the Court must determine whether the federal and state lawsuits are "parallel" by evaluating whether "substantially the same parties litigate substantially the same issues in different forums." *Peters v. Frontiere*, 568 F.Supp.3d 1205, 1209 (D.N.M 2021). Once the Court determines that the lawsuits are parallel, then the Court must apply the *Colorado River* factors.

The Supreme Court articulated several factors for the district courts to consider when it overturned the Tenth Circuit and affirmed the district court in *Colorado Water*: (1) "whether the questions before the court present difficult questions of state law, are governed by state as opposed to federal law, or bear on policy problems of substantial import to the state;" (2) "whether principles of wise judicial administration and economy suggest deferring to the state courts;" (3) "which court first assumed jurisdiction over any property at issue;" (4) "whether the federal forum is less convenient;" (5) "whether allowing the matter to go forward in state court would avoid piecemeal litigation;" and (6) "in which order jurisdiction was obtained by the concurrent forums." *Nationwide Mut. Ins. Co. v. GR Gurule, Inc.*, 148 F. Supp. 3d 1206, 1218 (D.N.M. 2015).

In determining if the proceedings are parallel, the precise identities of the parties and identical issues are not required. *Id.* The proceedings in the state and federal courts merely need to have substantially the same parties litigating substantially the same issues. *Id.* In considering the cases at hand, the exact same parties to the federal proceedings are present in the state court proceedings. While the exact same issues are not being litigated, they are substantially the same, and the core issues are identical. *Compare Exhibit 6 – State Court Wrongful Death Complaint with Federal Property Damage Complaint* [Doc 1]. The core issues involve liability for the same crash in each case and the resulting damages. The only difference is the federal suit seeks property damages for the crane and the state court suit seeks personal injury, wrongful death, and consortium damages the other driver involved and his family. The difference is merely a function of who brought the suit—not the forum.

The Supreme Court has stated that when a court evaluates the *Colorado River* factors: "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against exercise is required." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983).

*The first factor favors state court.*

This case as pled does not involve difficult questions of state law or of policy problems of particular import to the state; however, the issues to be decided are governed by state law. State law generally controls tort claims, and Plaintiff invokes no federal laws in its complaint. However, the claims pled against the State of New Mexico in the state court action do involve important issues to the state as the State of New Mexico is a defendant under the New Mexico Tort Claims Act. This district court has previously decided that where the state may be sued is an important

issue of concern to the state. *See Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285 (D.N.M. 1999).

*The second factor favors state court because principles of wise judicial administration and economy suggest deferring to the state court.*

This Court has the discretion to permit both case to proceed concurrently; however, it should not do so. Both cases would have to litigate many identical issues regarding the factual circumstances and liability issues, including the taking of many depositions. The cases could potentially produce inconsistent finding on liability. As addressed elsewhere in this motion, not all parties to the state court matter can be joined as parties to this litigation. The State of New Mexico has not consented to jurisdiction in federal court and several defendants that are citizens of the state of New Mexico cannot be joined without destroying subject-matter jurisdiction. Therefore, the Defendant cannot assert all counter claims in this matter. However, all of the Plaintiff's claims can be asserted in the state court action. The state court is the only forum that allows all the claims to be litigated in one action and litigating all claims in state court eliminates the risk of duplication of resources/work and inconsistent verdicts.

*The third factor does not tilt either way.*

No property is at issue over which this Court has assume jurisdiction.

*The fourth factor does not tilt either way*

Neither the state and federal fora are inconvenient to either party.

*The fifth factor favors the state court because all matters in dispute can be resolved in state court.*

If the Court dismisses this action and allows it to proceed in state court it would avoid piecemeal litigation. As noted in this motion, while the Plaintiff's claims can all be litigated in

state court, the same is not true of the Defendant's counter claims, which were brought in the state court lawsuit. Therefore, Defendant would need to proceed in the state court action and the federal action if this Court does not abstain.

*The sixth factor favors the state court proceeding because the state court action preceded the federal action and even if it did not, no additional proceedings have occurred in the federal case other than the filing of the complaint before this motion to dismiss.*

This factor was best explained by the U.S. Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*:

> This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *Colorado River* illustrates this point well. There, the federal suit was actually filed first. Nevertheless, we pointed out as a factor favoring dismissal the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss.

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21-22 (1983) (internal quotation omitted). Just as in *Colorado River* and *Moses H. Cone Memorial Hospital*, the complaint in the federal lawsuit was filed before the complaint in the state court lawsuit and no other proceedings have taken place in the federal court prior to the motion to dismiss. In the case at hand, however, the process of litigating the dispute was started in state court before the federal case was begun when the Petition for Appointment of Todd Lopez as Personal Representative of the Wrongful Death Estate of Oswaldo Santillanes Estrada, in Cause D-101-CV-2022-01863, in the First Judicial District Court, County of Santa Fe, New Mexico, on October 4, 2022, seeking the appointment of Todd Lopez as personal representative of the wrongful death estate "for the purposes of investigating and prosecuting a wrongful death action" related to the September 27, 2022 crash that is the subject of both suits. *See Exhibit 7- Petition for Appointment of Todd Lopez as Personal Representative of the Wrongful Death Estate of Oswaldo Santillanes Estrada*. This was three days prior to the

Defendants filing the present federal court action; therefore, the dispute was in fact instigated in state court first, further favoring the state court proceeding.

The *Colorado River* factors strongly weigh in favor of dismissal of this action—all of the applicable factors favor the state court action. Based on the policy of conserving judicial resources in situations with contemporaneous exercise of concurrent jurisdictions as the *Colorado River* abstention doctrine does, this case presents the sorts of "extraordinary circumstances" in which the court should dismiss the federal action to avoid just such a duplication of judicial resources.

D. *All three prongs of the Younger Abstention Doctrine ("Younger") are satisfied, warranting the Federal Court to abstain from exercising jurisdiction.*

The first prong of *Younger* is satisfied because there is an ongoing civil proceeding in the First Judicial District Court in Santa Fe, New Mexico. A Wrongful Death complaint was filed on October 20, 2022, in the First Judicial District Court ("State Court"). The Wrongful Death complaint names, among others, Plaintiff MCR and NMDOT as defendants pursuant to the waiver of immunity under the Tort Claims Act. The ongoing civil proceeding in State Court addresses, amongst other things, negligence, comparative negligence, and the damages of the Wrongful Death Estate. Plaintiff MCR's property damage claim is subject to the findings of the State Court. As such, the ongoing civil proceeding in State Court satisfies the first prong of *Younger*.

To the extent that MCR argues that the state court case was not ongoing at the time of the filing of MCR's federal property damage suit, *Weitzel v. Division of Occupational and Professional Licensing of Department of Commerce of State of Utah* is instructive. In *Weitzel*, Utah licensing authorities brought disciplinary proceedings against a licensed psychiatrist, he filed a § 1983 action in federal court, and the district court abstained under *Younger*. On appeal, the Tenth Circuit did not decide if the administrative action required abstention because at the time of

the appeal it was dismissed, but subsequent to the district court's ruling, the psychiatrist filed a civil case in state court, and although filed after the Court ruled on abstention, the Court found it was an "ongoing state court proceeding" at the time the Tenth Circuit considered the case and therefore, the *Younger* doctrine applied.

Similarly, to the extent the ongoing case in Santa Fe to appoint the personal representative, Cause D-101-CV-2022-01863, in the First Judicial District Court, County of Santa Fe, New Mexico, a state court case that was ongoing and known to Plaintiff at the time it filed this matter, the currently filed case in the First Judicial District, D-101-CV-2022-10974, in the First Judicial District Court, County of Santa Fe, New Mexico, seeking to litigate damages between these parties from the subject crash, is certainly an "ongoing state court proceeding" at the time this motion is being filed.

The second prong of *Younger* is satisfied because the First Judicial District Court is the proper venue in suits against the State of New Mexico and it is the county in which the personal representative of the wrongful death estate resides. The State Court is an adequate state forum to hear a suit in which the State of New Mexico is a named defendant. "Exclusive original jurisdiction for any claim under the Tort Claims act shall be in the district courts of New Mexico." NMSA 1978, § 41-4-18. The State Court is competent to resolve the comparative negligence of NMDOT and the wrongful death suit filed on behalf of the Estate of Oswaldo Santillanes Estrada. The *Younger* abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Plaintiff's property damage federal complaint presents an issue that is not separate and distinct from the Wrongful Death complaint and cannot run parallel to the State Court's proceedings. The State Court is the appropriate and

proper forum for the Estate of Oswaldo Santillanes Estrada to fully recover all damages, especially damages caused by NMDOT.

The third prong of *Younger* is satisfied because suits against the State of New Mexico under the Tort Claims Act are under the exclusive original jurisdiction of the district courts of New Mexico. *See* NMSA 1978, § 41-4-18, "Exclusive original jurisdiction for any claim under the Tort Claims act shall be in the district courts of New Mexico." The State of New Mexico has important state interests in defending suits in a proper state venue as prescribed by the Tort Claims Act. As indicated in §§ 41-4-2 and 41-4-4 NMSA 1978, "New Mexico has not consented to be sued in federal court for violations of EMTALA, nor any other tort. *Ward v. Presbyterian Healthcare Servs*., 72 F. Supp. 2d 1285 (D.N.M. 1999). The State Court is the proper and adequate forum for suits involving the NMDOT. Plaintiff's federal complaint cannot be decided independent of the state issues involving the negligence of NMDOT in the wrongful death of Oswaldo Santillanes Estrada.

All three *Younger* prongs are satisfied as outline above. While *Younger* was initially applicable in cases seeking declaratory relief, it has been extended to apply in cases seeking damages. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107, 102 S. Ct. 177, 181, 70 L. Ed. 2d 271 (1981). The Wrongful Death Complaint in State Court is an ongoing proceeding; the State Court provides an adequate forum to hear all claims associated with the wrongful death of Oswaldo Santillanes Estrada; and the state proceedings involve important state interests and matters traditionally looked upon by state law for resolution. Additionally, the State Court provides an adequate avenue for relief by all parties involved in the state action. This is true even where the actions in federal court are for monetary damages. *ETP Rio Rancho Park, LLC, et al. v. Grisham*, 522 F.Supp.3d 966 (DNM 2021) ("[W]here the Younger abstention criteria are

otherwise met, even if a part requests monetary damages, a federal court in the Tenth Circuit must abstain . . . ."). As such, the federal court should abstain from exercising jurisdiction in this matter and dismiss Plaintiff's federal complaint.

E. *Rule 19(b) requires dismissal because the Defendant will be significantly prejudiced otherwise, while the Plaintiff will not be prejudiced by proceeding in state court.*

According to Rule 19(b) of the Federal Rules of Civil Procedure, when joinder of required parties is not feasible the court may dismiss the action or allow it to proceed among the existing parties. FED. R. CIV. P. 19(b). The Court determination is to be guided by the principles of "equity and good conscience." *Id*. The rule sets out four factors for the court to consider under such circumstances:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b)(1)-(4).

These factors each favor dismissal. In considering the first factor, if the federal case were to proceed, the Defendant would be deprived of several counter-claim defendants. Most notably, the New Mexico Department of Transportation cannot be compelled to join the federal lawsuit, but additionally, the Court would have to prohibit the inclusion of all of the New Mexico citizens sued in the state court action, namely M-L Holding Company Crane Group, LLC and Mr. Ballantine; otherwise, the Court would lose subject-matter jurisdiction from the loss of diversity.

In addition to the inability to include these counter-claim defendants in the juries consideration of the case, Defendant would be prohibited from conducting discovery against these counter claim defendants.

There is nothing that could be done to lessen or avoid prejudice in the judgment. Without those parties in the litigation, the Defendant would be unable to fully recover for his injuries as a result of the negligence of those parties being unaccounted for in any federal court judgment. If the Court were to dismiss this action under Rule 19(b), the Plaintiff has remedies identical to those sought in the federal complaint for property damage available to it in state court. As a result, the Plaintiff's complaint should also be dismissed according to Federal Rule of Civil Procedure 19(b).

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendants request that this Court dismiss the Plaintiffs complaint under Rule 12, Rule 19, and the *Colorado River* abstention doctrine, and Defendant requests any such other and further relief to which Defendant may be entitled under the facts and circumstances.

Dated this 9th day of November, 2022.

Respectfully submitted,

**GLASHEEN, VALLES & INDERMAN, LLP**

By: */s/ Jonathon C. Clark*

Kevin Glasheen
SBN 15583
Jonathon C. Clark
SBN 141557
4300 San Mateo Blvd NE, Ste. 150
Albuquerque, New Mexico 87110
(505) 243-7200
(512) 298-1009 Fax
Email: efile.jon.clark@gvilaw.com

And

*/s/ Justin D. Goodman*
Justin D. Goodman, Esq.
5600 Eubank Blvd, NE, #220
Albuquerque, NM 87111
Direct Phone/Fax: 505.559.4983
jgoodman@rlattorneys.com
*Attorney for Defendants Todd Lopez, as P.R. for the Estate of Oswaldo Santillanes Estrada, and The Estate of Oswaldo Santillanes Estrada*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 9th day of November, 2022 via the Court's CM/ECF filing system.

*/s/ Jonathon Clark*
Jonathon Clark