**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

MCR ACQUISITION COMPANY, LLC,

     Plaintiff,

v.                                      No. 2:22-CV-00744-MLG-DLM

TODD LOPEZ, as personal representative
for the ESTATE OF OSWALDO SANTILLANES
ESTRADA, and the ESTATE OF OSWALDO
SANTILLANES ESTRADA,

     Defendants.

**MEMORANDUM OPINION DENYING DEFENDANTS' MOTION FOR
LEAVE TO FILE OUT OF TIME AND MOTIONS TO DISMISS AS MOOT
AND ORDERING SUPPLEMENTAL BRIEFING**

On September 27, 2022, Oswaldo Santillanes Estrada was killed when his truck collided with an all-terrain crane. Doc. 15 at 6 ¶¶ 24-27. Sparing little time thereafter, the parties began their race to the courthouse. A week following Estrada's death, Elvira Mata Mendoza (Estrada's widow) petitioned the state district court to appoint Todd Lopez as the personal representative of the wrongful death estate of Estrada ("the Estate"). Doc. 19-3 at 1. The state court granted Mendoza's request shortly thereafter and entered an order memorializing Lopez's appointment. Doc. 19-1. But before the Estate or Mendoza filed suit—and a mere ten days after Estrada's death—MCR Acquisition Company, LLC, ("MCR") filed the instant action. Doc. 1. MCR, who owns the crane involved in the collision, seeks monetary compensation from Estrada's wrongful death estate for property damage and loss of use. Doc. 15 at 11-14.

Mendoza and the Estate (collectively referred to hereafter as "the Estate Defendants") subsequently filed a separate lawsuit in state court asserting claims under state tort laws. Doc. 19-2. The complaint in that matter named several other parties not identified as defendants or parties

in this litigation. *Id.* at 3 ¶ 8. After initiating proceedings in state court, the Estate Defendants then filed a motion to dismiss MCR's federal lawsuit on November 9, 2022, Doc. 9, and they filed an amended motion to dismiss two days later. Doc. 13. On November 18, 2022, MCR timely responded to the Estate Defendants' amended motion to dismiss.[1] Doc. 16. However, none of these submissions adequately address the foundational question of whether MCR may obtain relief against Lopez, and if not, what to do about it. Accordingly, for the reasons discussed below, the Court directs the parties to submit supplemental briefing.

## DISCUSSION

The Estate Defendants' primary argument is that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(4) for insufficient service of process and Federal Rule of Civil Procedure 12(b)(5) for insufficient service. Doc. 19 at 7. In support of this position, the Estate Defendants claim that "[MCR] failed to properly serve a personal representative of the decedent[']s estate, who being duly appointed under the probate code, would have authority to *be sued* on behalf of the estate." *Id.* According to the Estate Defendants, Lopez was appointed solely as the personal representative of the wrongful death estate and he cannot be sued in that capacity. *Id.* at 7-8. Consequently, they reason, service of process upon him—and any other person who has not been appointed the personal representative of Estrada's probate estate—is insufficient. *Id.* at

---

[1] Along with its response to the amended motion to dismiss, MCR also filed its First Amended Complaint. Doc. 15. By filing the amended complaint, MCR mooted the Estate Defendants' dispositive motions. *See AJB Props. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021, 2009 U.S. Dist. LEXIS 36278, at *3 (D. Kan. Apr. 28, 2009). Per Federal Rule of Civil Procedure 15(a)(3), the Estate Defendants were obligated to respond to MCR's amended pleading fourteen days after it was served—that is, December 2, 2022. The Estate Defendants did not meet that deadline, and they filed a motion to dismiss MCR's amended complaint one week late on December 9, 2022. Doc. 19. Errors beget arguments and the parties have submitted additional briefing staking out their positions as to whether the Estate Defendants' belated filing should be considered. *See* Doc. 24; Doc. 27; Doc. 28.

8.

"Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260, 260 (10th Cir. 1999) (unpublished). "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery," while a motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (quotation omitted). As this case law suggests, Rules 12(b)(4) and 12(b)(5) constitute the procedural means for challenging the contents of a summons and its service on an adverse party; the salient consideration addressed by these rules is the means by which service was effectuated. But the Estate Defendants' motion is not concerned with technical aspects of service or that the named defendant was served in accordance with the pertinent rules. Indeed, there is no evidence that Lopez was served improperly, and it is undisputed that MCR delivered process to him in accordance with the applicable rules. Accordingly, the Estate Defendants' requested relief may not be had pursuant to either Rule 12(b)(4) or 12(b)(5).

Given this discussion, a question exists as to whether a judgment against Lopez would provide a means for MCR to obtain the relief sought should it prevail in this litigation. The relevant legal authority suggests not. New Mexico statutory law provides no basis for the personal representative of the wrongful death estate to be sued. NMSA 1978, § 41-2-3 (2001). Rather, the personal representative merely serves "as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." *In re Estate of Sumler*, 2003-NMCA-030, ¶ 8, 133 N.M. 319, 322, 62 P.3d 776, 779; *see also Lovato v. Banister*, No. 03-0629, 2004 U.S. Dist. LEXIS 34848, at *5 (D.N.M. May 25, 2004) (noting that the personal

representative of the wrongful death estate "cannot be held liable for any debts of the decedent").[2]

The problem here is that the Estate Defendants' motion addresses procedural issues rather than the substantive question of entitlement to relief. *See Lovato*, 2004 U.S. Dist. LEXIS 34848, at \*7 (granting motion to dismiss counterclaims against the personal representative of a wrongful death estate because they did not state a valid claim for relief). As discussed above, because there is no deficiency in how process was served, nor is there any claim that the named defendant was not the party served, the Estate Defendants' request to dismiss this matter pursuant to Rules 12(b)(4) and 12(b)(5) is not a viable argument. MCR's briefing is similarly lacking. It does not explain how relief could be obtained from Lopez or Estrada's wrongful death estate in light of the relevant statutes and pertinent case law.[3]

Given the preceding, the Court has fears it may be refereeing litigation that has no possibility of a winner. Accordingly, to address this concern, the parties are directed to submit supplemental briefing on the question of whether relief may be obtained against Lopez, in his capacity as personal representative of Estrada's wrongful death estate, and if not, whether this matter should be dismissed. *See Kitts v. Cashco, Inc.*, No. 1:19-cv-0800, 2020 U.S. Dist. LEXIS 60145, at \*15 (D.N.M. Apr. 1, 2020) (noting that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases" and ordering supplemental briefing) (citation omitted). The parties shall submit briefs in accordance with the schedule and manner outlined below.

Therefore, based on the foregoing, the Court hereby orders as follows:

---

[2] The reasoning and holding in *Lovato* are plainly applicable to this case, but none of the parties addressed that decision in their briefing.

[3] To the contrary, MCR suggests it may have made an "inadvertent mistake" in naming Lopez as a defendant in this matter. Doc. 23 at 7.

1.      Given the request for supplemental briefing, the Court denies the Estate Defendants' Opposed Motion for Leave to File Defendants' Motion to Dismiss Plaintiff's First Amended Property Damage Federal Complaint Out of Time as moot, Doc. 24;

2.      The parties shall submit supplemental briefing on whether relief may be had against Defendant Lopez in his capacity as personal representative of Estrada's wrongful death estate, and whether the Court should dismiss this matter pursuant to Rule 12(b)(6). The Estate Defendants shall file their brief no later than 5:00 P.M. on March 20, 2024. MCR shall file its response no later than 5:00 P.M. on March 27, 2024, and the Estate Defendants may file a reply no later than 5:00 P.M. on April 3, 2024; and

3.      The pending motions to dismiss, Doc. 13 and Doc. 19, are denied without prejudice and the arguments contained therein may be re-filed as part of the supplemental briefing in this matter should the Estate Defendants believe those positions are meritorious in light of the discussion above.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA